1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

10

| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | NO. |
|---|---|
| Plaintiff, | COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND DECLARATORY JUDGMENT |
| v. | |
| NOVA CONTRACTING, INC., a Washington corporation; JORDAN M. OPDAHL and JILL M. OPDAHL, and the marital community comprised thereof, | |
| Defendants. | |

11
12
13
14
15
16

17      COMES NOW Plaintiff, Travelers Casualty and Surety Company of America

18  ("Travelers"), and for causes of action against the Defendants above-named, states, alleges and

19  avers as follows:

20                          **I.      PARTIES AND JURISDICTION**

21      1.1     Plaintiff Travelers is a Connecticut corporation, with its principal place of

22  business in the state of Connecticut. Travelers is authorized and qualified under the laws of the

23  state of Washington to conduct business as a surety.

24      1.2     Nova Contracting, Inc. ("Nova") is a Washington corporation doing business in

25  Pierce County, Washington.

26

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND
DECLARATORY JUDGMENT – 1

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TRA076-0004 6129472_2

1      1.3      Jordan M. Opdahl and Jill M. Opdahl, a marital community, are residents of the state of Washington.

1.4      The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332. The events which give rise to this action occurred in Thurston County, Washington. Nova's principal place of business is in Thurston County and within the Western District of the State of Washington. Venue in this court and its Tacoma Division is proper pursuant to 28 U.S.C. §1391(a)(2) and LCR 3(d).

## II.      BACKGROUND FACTS

### A.      Background of the Project and Performance Bond.

2.1      On August 17, 2006, a General Agreement of Indemnity ("GAI") was executed by several individuals including Jordan and Jill Opdahl (collectively referred to herein with Nova as the "Indemnitors") with respect to bonds to be provided by Travelers on behalf of Nova. Bonds covered by the GAI would include performance bonds.

2.2      Section 1 of the GAI provides:

> **Default** – Any of the following shall constitute a Default: (a) a declaration of Contract default by any Obligee; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) Company's good faith establishment of a reserve; (f) improper diversion of Contract funds or any Indemnitor's assets to the detriment of Contract obligations; (g) any Indemnitor's becoming the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, or creditor assignment, or actually becoming insolvent; (h) any Indemnitor's dying, becoming legally incompetent, being imprisoned, being convicted of a felony, or disappearing and being unable to be located; (i) any representation furnished to Company by or on behalf of any Indemnitor proving to have been materially false or misleading when made; and/or (j) any change in control or existence of any Indemnitor. Change in control

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND DECLARATORY JUDGMENT – 2

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

means the addition or departure of any person or entity having a ten percent (10%) or greater ownership interest in any Indemnitor.

\*\*\*

**Loss** – All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of Company's: (a) making any investigation in connection with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

2.3     Section 3 of the GAI provides:

**Indemnification and Hold Harmless**: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

2.4     Section 4 of the GAI provides:

**Claim Settlement**: Company shall have the right, in its sole discretion, to determine for itself and Indemnitors whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

2.5     Section 5 of the GAI provides:

**Collateral Security**: Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND DECLARATORY JUDGMENT – 3

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TRA076-0004 6129472_2

suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to company with the provisions of this paragraph.

2.6     Under the GAI, the Indemnitors jointly and/or severally committed themselves to exonerate, indemnify, and keep indemnified Travelers from and against all liabilities, losses, and expenses by reason of Travelers having executed bonds on Nova's behalf. Further, the Indemnitors agreed "to deposit with [Travelers], upon demand, an amount as determined by [Travelers] sufficient to discharge any Loss or anticipated Loss."

2.7     On May 21, 2014, the City of Olympia (the "City") awarded a public works contract (the ("Contract") to Nova for the construction of a culvert in conjunction with the Olympia Woodland Trail Improvements project (the "Project").

2.8     At the request of Nova, Travelers issued Performance and Payment Bond No. 106085275 ("Performance Bond") May 21, 2014 guaranteeing Nova's obligations to the City under the Contract.

2.9     On or around May 28, 2019 the City filed a lawsuit (Thurston County Superior Court Case Number 19-2-02605-34) against Travelers to recover under the Performance Bond for an unpaid judgment the City obtained against Nova arising from Nova's breach of the Contract. Travelers removed the case to federal court based on diversity jurisdiction, U.S.D.C. Cause Number 3:19-cv-05562.

2.10     Due to the City's lawsuit, on or around June 11, 2019 Travelers sent Indemnitors a collateral demand letter pursuant to paragraph 5 of the GAI demanding cash collateral in the amount of $179,200.

2.11     The collateral demand amount constituted 150% of the unpaid judgment amount against Nova that was the subject of the lawsuit against Travelers.

2.12     Travelers demanded the Indemnitors deposit the cash collateral on or before June 25, 2019 and notified the Indemnitors that failure to do so would constitute a default under the GAI.

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND
DECLARATORY JUDGMENT – 4

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TRA076-0004 6129472_2

2.13    The Indemnitors failed to deposit the cash collateral Travelers demanded pursuant to the GAI.

2.14    On January 3, 2020, the United States District Court granted the City's motion for summary judgment against Travelers under the Performance Bond, holding that Travelers was obligated to pay the judgment obtained by the City against Nova for Nova's breach of the Contract.

2.15    Based on the summary judgment ruling, on January 14, 2020, Travelers paid $168,255.00 to the City to resolve the City's claim against the Performance Bond, which sum included interest, fees and costs.

2.16    Pursuant to the terms of the GAI, the Indemnitors are required to jointly and/or severally exonerate, indemnify, and keep indemnified Travelers from and against all liabilities, losses, and expenses by reason of Travelers having executed bonds on Nova's behalf. The Indemnitors have failed to fulfill their obligations under the GAI, which has damaged Travelers in an amount to be proven at trial.

### III.    FIRST CAUSE OF ACTION: CONTRACT INDEMNITY

3.1    Travelers incorporates by reference the allegations of Paragraphs 1.1 through 2.16 as if fully set forth herein.

3.2    Under the GAI, the Indemnitors expressly agreed to exonerate, indemnify, and keep indemnified Travelers from any and all losses together with attorneys' fees, investigation fees, and other incurred costs that Travelers incurs as a result of Travelers issuing the Performance Bond on Nova's behalf.

3.3    Despite demand, the Indemnitors have failed and continue to fail to submit the cash collateral demanded and/or indemnify and exonerate Travelers for those losses.

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND
DECLARATORY JUDGMENT – 5

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TRA076-0004 6129472_2

3.4     The indemnitors have breached the GAI by failing to indemnify Travelers from its losses and expenses incurred in connection with the City's claims against the Performance Bond and refusing to reimburse Travelers for the liability and obligation it has incurred to the City.

3.5     The Indemnitors are liable jointly and/or severally to Travelers for all damages and losses resulting from such breaches, including without limitation all losses, liabilities, expenses, attorneys' fees, and/or other costs Travelers incurred in connection with the Performance Bond or any of the litigations associated therewith in an amount to be proven at trial, but presently estimated to be not less than $189,135.00, together with prejudgment interest, attorneys' fees, and costs.

## IV.     SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

4.1     Travelers realleges and incorporates by reference the allegations of Paragraphs 1.1 through 3.5 as if fully set forth herein.

4.2      An actual controversy has arisen and now exists between the indemnitors and Travelers regarding the Indemnitors' duties and obligations under the GAI.

4.3     Travelers desires a judicial determination pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 of the Indemnitors duties and obligations and Travelers' rights under the GAI. Travelers is entitled to a declaration that he Indemnitors duties and obligations and Travelers' rights under the GAI are fully lawful and binding, and such declaration is necessary and appropriate so that Travelers may affirm and enforce its rights under the GAI.

## V.     PRAYER FOR RELIEF

WHEREFORE, Travelers prays for the following relief:

1.     Judgment against the Defendants, jointly and severally, in an amount to be determined by the court, together with pre-judgment and post-judgment interest at the rate of 12% per annum;

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND
DECLARATORY JUDGMENT – 6

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

TRA076-0004 6129472_2

1    2.    An award of Travelers' costs and disbursements herein, including a reasonable

2    attorney's fee;

3    3.    Such other and further relief as the court deems just and equitable.

4    DATED this 24th day of February, 2020.

5                                        CARNEY BADLEY SPELLMAN

6

7

8    By_____
     Christopher A. Wright, WSBA #26601
     Attorneys for Plaintiff
9    701 Fifth Avenue, Suite 3600
     Seattle, WA 98104
10   Phone:  (206) 622-8020
     Email: wright@carneylaw.com
11

12                                       CARNEY BADLEY SPELLMAN

13

14

15   By_____
     Ceslie A. Blass, WSBA 51140
16   Attorneys for Plaintiff
     701 Fifth Avenue, Suite 3600
17   Seattle, WA 98104
     Phone:  (206) 622-8020
18   Email: blass@carneylaw.com

19

20

21

22

23

24

25

26

COMPLAINT FOR INDEMNITY, BREACH OF CONTRACT AND     **CARNEY BADLEY SPELLMAN, P.S.**
DECLARATORY JUDGMENT – 7                            701 Fifth Avenue, Suite 3600
                                                    Seattle, WA 98104-7010
                                                    (206) 622-8020

TRA076-0004 6129472_2