HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Plaintiff,

v.

NOVA CONTRACTING INC, et al.,

    Defendants.

CASE NO. C20-5164RBL

ORDER

THIS MATTER is before the Court on Plaintiff Travelers Motion for Summary Judgment. [Dkt. # 11]. Travelers provided a Performance Bond to Defendant Nova and its principals (the "Indemnitors"). Travelers bond secured Nova's performance of a construction contract for the City of Olympia. Nova gave Travelers its own security for repayment if it had to pay on the Performance Bond, in the form of a General Agreement of Indemnity (GAI).

The City sued Nova for breach of that contract, and won. Nova appealed, and lost. Olympia sued Travelers to collect the judgment in state court, and Travelers removed the case here. Cause No. 19-cv-5662RBL. This Court ordered Travelers to pay the City the amount of its judgment against Nova. Travelers claims and demonstrates that it paid the City $168,255 including interest, fees, and costs.

ORDER - 1

Travelers sought to recover that amount from Nova and the other Indemnitors, under the terms of the GAI. The Indemnitors did not (and does not) dispute the claim. Indeed, it made a $63,00 payment toward it. [Holzer Decl., Dkt. # 12 ant Exhibits thereto]. Travelers claims that Indemnitors remaining debt is $132,237, plus pre-judgment interest, fees and costs:

| Payee | Trans Type | Check No | Check Date | Amount |
|---|---|---|---|---|
| Carney Badley Spellman, P.S. | Auto Check | 1972644 | 2019/11/12 | $7,710.00 |
| City of Olympia | CAPTIS Check | 1978275 | 2020/01/13 | $168,255.00 |
| Carney Badley Spellman, P.S. | Auto Check | 1984098 | 2020/03/13 | $15,340.00 |
| Nova Contracting Inc | Salvage | | 2020/04/20 | ($63,000.00) |
| Carney Badley Spellman, P.S. | Captis Check - Clsd | 1990248 | 2020/05/12 | $3,932.00 |
| | | | | $132,237.00 |

[Dkt. # 14 at 1].

Defendants do not dispute the facts and they concede they owe something. Their math is $168,255 – 63000 = 105,255. They apparently dispute that the GAI requires it to reimburse Travels for attorneys' fees, which account for the different calculations. Travelers responds by pointing to the GAI, which unambiguously required Indemnitors to indemnify Travelers for any loss, including attorneys' fees:

All loss and expense **of any kind or nature, including attorneys' and other professional fees, which [Travelers] incurs in connection with any Bond** or this Agreement, including but not limited to all loss and expense incurred by reason of [Travelers']: (a) making any investigation in connection with any Bond; (b) **prosecuting or defending any action in connection with any Bond**;

(c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement;[7] and (f) all interest accruing thereon at the maximum legal rate.[8]

[Dkt. # 12 at Ex. 1, p.1].

ORDER - 2

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

There are no issues of fact and Travelers has established that it is entitled to judgment as a matter of law. The motion for Summary Judgment is **GRANTED**. Travelers shall submit its

fee request within 7 days, and prepare a proposed judgment. The federal court judgment will earn interest at the federal, not the state, rate.

IT IS SO ORDERED.

Dated this 14th day of August, 2020.

*/s/ Ronald B. Leighton*
Ronald B. Leighton
United States District Judge