UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>     Plaintiff,<br>  v.<br><br>NOVA CONTRACTING, INC., et al.,<br><br>     Defendants. | CASE NO. C20-5164JLR<br><br>SHOW CAUSE ORDER |

Before the court is Plaintiff Travelers Casualty and Surety Company of America's ("Travelers") proposed judgment. (Prop. J. (Dkt. # 16-1) at 5-7.) On August 14, 2020, Judge Ronald B. Leighton granted Travelers' motion for summary judgment and ordered Travelers to submit a motion for attorney's fees and a proposed judgment.[1] (*See* 8/14/20

---

[1] After Judge Leighton granted summary judgment, this case was reassigned to the undersigned judge. (8/31/20 Min. Order (Dkt. # 18).)

SHOW CAUSE ORDER - 1

Order (Dkt. # 15) at 3-4.) Travelers complied with that order, and the court recently granted Traveler's motion for attorney's fees. (*See* 10/28/20 Order (Dkt. # 20).) However, the court has not yet entered judgment in this case. (*See generally* Dkt.)

The court concludes that Travelers' proposed judgment is insufficient. The court has two issues with the proposed judgment. First, the correct principal amount to award Travelers is not clear from the proposed judgment and Travelers' submissions in this case. The proposed judgment claims that the principal amount of the judgment is $132,932.60 (*see* Prop. J. at 6), but Travelers' motion for summary judgment claims that Defendants Jordan Opdahl, Jill Opdahl, and Nova Contracting, Inc. (collectively, "Defendants") "owe Travelers $132,932.60, which includes the principal [j]udgment amount plus interest [through] May 28, 2020" (*see* MSJ (Dkt. # 11) at 5). Thus, the motion for summary judgment suggests that the $132,932.60 amount in the proposed judgment includes both principal and interest. Travelers' reply brief supports this theory. A footnote in the reply states that the "balance as of May 12" was $132,237.00. (*See* MSJ Reply (Dkt. # 14) at 2 n.3.) Ultimately, because Travelers has not clearly identified the correct principal amount, the court is unable to enter judgment at this time.

Second, Travelers' proposed judgment does not detail the date on which prejudgment interest should accrue or Travelers' proposed prejudgment interest calculation. (*See* Prop. J. at 6.) Travelers' reply brief details a proposed calculation and appears to suggest that interest should accrue from May 12, 2020. (*See* MSJ Reply at 2 n.3.) But Travelers does not adequately explain why interest should begin accruing on May 12, 2020, and it does not support its proposed calculation with any citations. (*See*

*id.*)  Moreover, Travelers' proposed calculation yields an award of $1,956.38 in prejudgment interest as of June 26, 2020 (*see id.*), but the proposed judgment requests only $305.93 in prejudgment interest (*see* Prop. J. at 6).

Accordingly, the court ORDERS Travelers to show cause regarding (a) the appropriate principal judgment amount, (b) the date that prejudgment interest should begin accruing, (c) Travelers' proposed prejudgment interest calculation, and (d) any other necessary revisions to Travelers' proposed judgment (Dkt. # 16-1).  The court encourages Travelers to provide citations to the record, caselaw, and statutory authority in support of its arguments on each of these topics.  Travelers shall file its response to this order no later than 10 days after the filing date of this order, and the response shall not exceed four pages in length.  Defendants may file a response to this order within this same timeframe, but are not required to do so.

Dated this 29th day of October, 2020.

JAMES L. ROBART
United States District Judge